This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                    **No. 35,920**

**MATTHEW CORDOVA,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Defendant appeals from a district court on-the-record judgment affirming Defendant's conviction for DWI and failure to maintain lane. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}    Defendant continues to claim that the metropolitan court should have granted his motion to suppress because the vehicle stop lacked reasonable suspicion. Motions to suppress presents mixed questions of fact and law. *See State v. Maes*, 2011-NMCA-064, ¶ 6, 149 N.M. 736, 255 P.3d 314. On appeal the facts must be viewed in the manner most favorable to the prevailing party, indulging all reasonable inferences in support of the district court's decision and disregarding all inferences to the contrary. *See State v. Pacheco*, 2008-NMCA-131, ¶ 3, 145 N.M. 40, 193 P.3d 587. Our review of the legal conclusions of the district court, however, is de novo. *See Maes*, 2011-NMCA-064, ¶ 6.

{3}    "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *State v. Jason L.*, 2000-NMSC-018, ¶ 20, 129 N.M. 119, 2 P.3d 856. Our appellate courts "will find reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or

was occurring." *State v. Hubble*, 2009-NMSC-014, ¶ 8, 146 N.M. 70, 206 P.3d 579 (internal quotation marks and citation omitted)

**{4}** In this case, Defendant's vehicle was stopped for failure to maintain lane. *See* NMSA 1978, § 66-7-317(A) (1978) ("[A] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety[.]"). The officer who stopped Defendant's vehicle testified that he was driving behind Defendant and observed Defendant cross over the yellow line on the left, return to the lane, and then cross over the right dotted line with both passenger side tires. [MIO 2-3] Defendant argues that this was insufficient to constitute a violation of the statute, because no other traffic was affected by his failure to maintain lane. However, the officer testified that he was driving fifteen to thirty yards behind Defendant's vehicle [RP 79], and under similar circumstances this Court has held that this satisfies the requirement that other traffic must not be affected. *See State v. Salas*, 2014-NMCA-043, ¶¶ 13-14, 321 P.3d 965 (observing that an officer driving behind a defendant who crossed the lane lines was affected by the movements of the defendant's vehicle, such that Section 66-7-317(A) applied). In addition, the officer testified that the traffic was moderate to heavy. [RP 82] To the extent that Defendant is arguing that this evidence was insufficient to sustain a conviction, as opposed to mere reasonable suspicion of

3

a violation, we conclude that the aforementioned facts provided the requisite evidence. *See State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (setting forth the standard of review).

{5}    For the reasons set forth above, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**